IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **VALERIE PETERSON,** | § § | **Case No. 16-cv-01419** |
| Plaintiff | § § | |
| -v- | § § | |
| **NORTH SHORE AGENCY, LLC** | § § | |
| Defendant. | § § | |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff Valerie Peterson brings this action to secure redress from unlawful collection practices engaged in by defendant North Shore Agency, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Telephone Collection Practices Act 47 U.S.C. §227 *et. seq.* ("TCPA"), and the Michigan Occupational Code M.C.L. §339.901 *et. seq.* ("MOC").

### II. VENUE AND JURISDICTION

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. §1319(b)(2) as the acts giving rise to Plaintiff's cause of action occurred in this district, Plaintiff resides in this district, and the Defendant transacts and conducts business in this district.

### III. PARTIES

4. Plaintiff is a natural person residing in Branch County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA and TCPA. Plaintiff is a "consumer," "debtor" and "person" as the terms are defined and used in the MOC.

5. Defendant North Shore Agency, LLC (hereafter NSA) is a New York corporation purportedly with offices located at 270 Spagnoli Rd., Ste. #110 Melville NY 11747.

1

6. The registered agent for NSA is Kevin Goodman, 270 Spagnoli Rd. Ste. #110, Melville NY, 11747.

7. NSA uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. NSA regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. NSA is a "debt collector" as the term is defined and used in the FDCPA and the TCPA. NSA does not maintain a valid license from the State of Michigan to collect consumer debts in Michigan, but is required to do so. NSA is a "collection agency" and "licensee" as those terms are defined and used in the MOC.

9. At all relevant times to this complaint, NSA has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. §153(14) that originated, routed, and/or terminated telecommunications.

10. At all relevant times to this complaint, NSA engaged in "telecommunications" as defined in the TCPA 47 U.S.C. §153(43).

11. At all relevant times to this complaint, NSA engaged in "Interstate communications" as defined by TCPA 47 U.S.C. §153(22).

12. At all relevant times to this complaint, NSA has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. At all relevant times to this complaint, NSA has used, controlled, and/or operated "automatic dialing systems" as defined by the TCPA 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## IV. FACTUAL ALLEGATIONS

14. Defendant alleges that Plaintiff incurred a debt with Annie's Hook & Needle Kit Club. Any such obligation which was incurred for personal, family and household purposes.

15. Defendants allege that Plaintiff owes a debt that went into default for late payment and is therefore an alleged "debt" as that term is defined by 15 U.S.C. §1692a(5).

16. On May 16, 2016 Defendant sent Plaintiff a letter demanding payment. Plaintiff believes this was the first correspondence she received from Defendant. A copy of this letter is attached as exhibit 1.

17. Upon receiving the notice, Plaintiff sent a letter to Defendant explaining that she neither ordered, nor received any items from Annie's Hook & Needle Kit Club.

18. Plaintiff received no response from Defendant, but continued to receive dunning letters demanding payment. These letters are attached as exhibits 2 and 3.

19. In addition to several collection notices, Plaintiff's cellular telephone was bombarded by multiple collection calls with New York area codes. When Plaintiff would attempt to answer these calls, she would hear a pause followed by a click, and was not able to speak with anyone. Upon information and belief, Plaintiff believes these calls were placed by Defendant.

### *Harassment of Plaintiff*

20. A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt such as causing a telephone to ring or engaging repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. §1692d(5).

21. NSA's obnoxious and incessant calls made to Plaintiff's cellular telephone were made with the intent to harass, abuse, and annoy, and were in violation of the FDCPA.

### *Defendant's False & Misleading Representations*

22. A debt collector may not falsely represent the character, amount, or legal status of any debt. 15 U.S.C. §1692e(2)(A).

23. Defendant's representation that Plaintiff owed the alleged debt or had made any order with Annie's Hook & Needle Club was false and in violation of the FDCPA.

### *Defendant's Failure to Include Legal Disclosures*

24. A debt collector is required to provide a consumer with a notice of their right to request validation of a debt either in the initial communication with the consumer, or within five days thereof. 15 U.S.C. §1692g.

25. Defendant failed to provide Plaintiff with any notice of her right to dispute the validity of the alleged debt in violation of the FDCPA.

3

### *Defendant's Unlawful Use of an Automatic Telephone Dialing System*

26. In connection with its attempts to collect the alleged debt, Defendant placed telephone calls to Plaintiff's cellular telephone number.

27. These calls were placed for non-emergency purposes.

28. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Defendant placed them by using an automatic telephone dialing system.

29. Defendant never had the actual or implied consent of Plaintiff to use an automatic telephone dialing system to call any of her cellular telephones.

30. Defendant knew or should have known that continued calls to Plaintiff would be harassing.

31. Defendant continued to use an automatic telephone dialing system to call Plaintiff.

32. Plaintiff feels annoyed and harassed by Defendant's calls to her cellular telephone.

33. Defendant placed these calls voluntarily.

34. Defendant placed these calls under its own free will.

35. Defendant had knowledge that it was using an automatic telephone dialing system to place these calls.

36. Defendant intended to use an automatic telephone dialing system to place these calls.

37. The natural consequence of Defendant's calls to the cellular telephone of Plaintiff was harassing.

38. Defendant intended to harass Plaintiff by continuing to call the cellular telephone belonging to Plaintiff.

39. The acts and omissions of NSA and its employees done in connection with efforts to collect a debt from Plaintiff were done intentionally and willfully.

40. NSA and its employees intentionally and willfully violated the FDCPA, TCPA, and MOC.

41. As an actual and proximate result of the acts and omissions of defendant and its employees, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## V. TRIAL BY JURY

42. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## VI. PRAYER FOR RELIEF

### Count I – Fair Debt Collection Practices Act

43. Plaintiff incorporates the foregoing paragraphs by reference.

44. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include but are not limited to the following:

    a. Defendant violated 15 U.S.C. §1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

    b. Defendant violated 15 U.S.C. §1692e by using false and misleading representations or means in connection with the collection of a debt; and

    c. Defendant violated 15 U.S.C. §1692g by failing to disclose Plaintiff's Validation rights.

**Wherefore,** Plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

   b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

   c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

   d) Such further relief as the court deems just and equitable.

### Count II – Michigan Occupational Code

45. Plaintiff incorporates the foregoing paragraphs by reference.

46. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not limited to the following:

    a. Defendant violated M.C.L. §339.915(m) by bringing a public notice that the consumer is a debtor;

    b. Defendant violated M.C.L. §339.915(n) by using a harassing, oppressive, or abusive method to collect a debt;

    c. Defendant violated M.C.L. §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee;

    d. Defendant violated M.C.L. §339.916(e) by continuing operations in the State of Michigan prior to renewing an expired occupational license.

**Wherefore**, Plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to M.C.L. §339.916(2);

   b) Treble the actual damages pursuant to M.C.L. §339.916(2);

   c) Statutory damages pursuant to M.C.L. §339.916(2);

   d) Reasonable attorney's fees and court costs pursuant to M.C.L. §339.916(2); and

   e) Equitable relief pursuant to M.C.L. §339.916(2).

**Count III – Telephone Collection Practices Act**

47. Plaintiff incorporates the foregoing paragraphs by reference.

48. Defendant has violated 47 U.S.C. §227(b)(1)(A)(iii) and 47 C.F.R. §64.1200 (a)(1)(iii) by using an automatic dialing system to make numerous calls to the cellular telephones of Plaintiff without consent.

49. Defendant's actions alleged herein constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B).

50. Defendant's actions alleged herein constitute numerous knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory

damages for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C).

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a) Statutory damages of $500.00 per call pursuant to 47 U.S.C. §227(b)(3)(B);

b) Treble damages of $1,500.00 per call pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C);

c) An injunction prohibiting Defendant from contacting Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. §§227(b)(3)(a).

| Dated: December 13, 2016 | Respectfully submitted: <br><br> __/s/_____ <br> Jeffrey D. Mapes (P70509) <br> Jeffrey D. Mapes PLC <br> Attorneys for Plaintiff <br> 29 Pearl St. NW, Ste. 305 <br> Grand Rapids, MI 49503 <br> Tel: (616) 719-3847 <br> Fax: (616) 719-3857 <br> jeff@mapesdebt.com |
|---|---|